FILED

JAN 03 2022

DEPUTY CLERK
PLAQUEMINES PARISH, LA

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

CASE NO. 67-139                    DIVISION "A"

TERRANCE M. SHELLEY, TERRY'S OYSTERS, INC., EGLICA MADJOR, HENRY McANESPY, BRACO MADJOR & IVO BILICH PARTNERSHIP, JEFFERY P. GALLET, OYSTER EAGLE, LLC, OYSTER EAGLE 2, LLC, BRACO MADJOR & MATO BJELIS PARTNERSHIP, MARY GJENERO BILICH, KURTICH AND MADJOR, MATO BJELIS AND BRACO MADJOR, IVO BILICH, MANUELA A. MADJOR, MUDDY WATERS, TERRY SHELLEY & HENRY MCANESPY PARTNERSHIP, BRACO MADJOR & IVO BILICH, SHALLOW REEF PARTNERSHIP, STEPHANIE ANN VALLOT BILICH AND IVO MARK BILICH, KMB LEASES, FOX SEAFOODS, INC. , RODNEY FOX. BRACO MADJOR, MADJOR & MADJOR, DAVOR BILICH, IVO MARK BILICH, KM LEASES, BILICH & BILICH PARTNERSHIP, BRIDGET CARGILL ALEXIS AND TRUMAN F. ALEXIS

VERSUS

HILCORP ENERGY COMPANY, D&L TOWING, INCORPORATED, SETTOON TOWING, LLC, CHEVRON PIPELINE COMPANY, CRESCENT MIDSTREAM, LLC, PHILLIPS 66 PIPELINE, LLC, TARGA RESOURCES CORP., CAYENNE PIPELINE, LLC, KINETICA PARTNERS, LLC, KINETICA ENERGY EXPRESS, LLC, HARVEST MIDSTREAM COMPANY, AMERICAN MIDSTREAM PARTNERS, LLP, TARGA MIDSTREAM SERVICES, LLC, VENTURE GLOBAL SERVICES, LLC, VENTURE GLOBAL GATOR EXPRESS, LLC, VENTURE GLOBAL LNG, INC., AND VENTURE GLOBAL PLAQUEMINES, LLC

FILED:_____          _____
                                              DEPUTY CLERK

PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Terrance M. Shelley, Terry's Oysters, Inc., Eglica Madjor, Henry McAnespy, Jeffery P. Gallet, Oyster Eagle, LLC, Oyster Eagle 2, LLC, Braco Madjor & Ivo Bilich Partnership, Braco Madjor & Mato Bjelis Partnership, Mary Gjenero Bilich, Kurtich and Madjor, Mato Bjelis And Braco Madjor, Ivo Bilich, Manuela A. Madjor, Muddy Waters, Terry Shelley & Henry McAnespy Partnership, Braco Madjor & Ivo Bilich, Shallow Reef Partnership, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, KMB Leases, Fox Seafoods, Inc., Rodney Fox, Braco Madjor, Madjor & Madjor, Davor Bilich, Ivo Mark Bilich, KM Leases, Bilich & Bilich Partnership, Bridget Cargill Alexis and Truman F. Alexis, who respectfully represent the following:

**EXHIBIT 1**

1.

Plaintiff, Terrance M. "Terry" Shelley, is a person of the full age of majority who resides in Port Sulpur, Plaquemines Parish, Louisiana, and holds State Oyster Leases and private leases Shelley Y1, Shelley Y2, Shelley Y3, Shelley Y4, Shelley Y5, Shelley Y6, Shelley Y7, Shelley Y8, Shelley Y9, Shelley Y10, Shelley Y11, Shelley Y12, Shelley Y13, Shelley Y14, Shelley Y15, P0-002, P0-007, and P0-0012 on lands owned by private entities, including but not limited to Apache Corporation and its related and subsidiary Companies, as well as Conoco Phillips/LL&E, within Louisiana territorial waters in Plaquemines Parish.   He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

2.

Plaintiff, Terry's Oysters, Inc. is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases Nos. 3369513, 3669613, 3668213, 3668413, 3668313, 2866017, 2706913, 3419210, 3579414, 3579514, 3412110, 3640717, 3464110 as well as private leases on lands owned by private entities within Louisiana territorial waters in Plaquemines Parish.   The corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

3.

Plaintiff, Eglica Madjor is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Lease No. 1941 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

4.

Plaintiff, Henry McAnespy is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases Nos. 3219921, 3134420, 3136621,

2

3220021, 220127 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

5.

Plaintiff, Braco Madjor & Ivo Bilich Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

6.

Plaintiff, Jeffrey P. Gallet, Jr. is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases Nos. 3214621, 2831216, 2794715, 3412709, 3676214, 3481811, 2885517, 2862416, 3250007, 3641317, 2772815, 2815516, 2864916, 3640017, 3632316, 3657912, 3641217, 2861016, 3646515 2865016, 2793015, 2885417, 2818316, 3270507, 3357809, 3357709, 3357609, 3453310 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

7.

Plaintiff, Oyster Eagle, LLC is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases including No. 3676214 within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

3

8.

Plaintiff, Oyster Eagle 2, LLC is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

9.

Plaintiff, Mary Gjenero Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. She, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

10.

Plaintiff, Kurtich and Madjor, is a domestic entity or partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The partnership, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

11.

Plaintiff, Mato Bjelis and Braco Madjor is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. This partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

4

12.

Plaintiff, Ivo Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

13.

Plaintiff, Manuela A. Madjor, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. She, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

14.

Plaintiff, Muddy Waters, is a domestic partnership organized and existing pursuant to the law of Louisiana which holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. This entity along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

15.

Plaintiff, Terry Shelley and Henry McAnespy Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and this corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

5

16.

Plaintiff, Braco Madjor & Ivo Bilich, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and their partnership, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

17.

Plaintiff, Shallow Reef Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. This corporation along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

18.

Plaintiffs, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, are a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and their partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

19.

Plaintiff, KMB Leases, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

6

20.

Plaintiff, Braco Madjor, is a person of the full age of majority, and a citizen and resident of Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

21.

Plaintiff, Madjor & Madjor, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They, and their partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

22.

Plaintiff, Davor Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

23.

Plaintiff, Ivo Mark Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

24.

Plaintiff, KM Leases, is a domestic partnership organized and existing pursuant to the laws of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

25.

Plaintiff, Bilich and Bilich Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

26.

Plaintiff, Fox Seafoods, Inc., is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Lease Nos. 2784815, 2861116, 3676114, 3612215, 2908817, 3470011, 3195821, 3469911, and 3010311 within Louisiana territorial waters within Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from their leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

27.

Plaintiff, Rodney Fox, a person of the full age of majority, and a citizen and resident of St. Tammany Parish, State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

8

28.

Plaintiffs, Bridget Cargill Alexis and Truman F. Alexis, are individuals, citizens and residents of Plaquemines Parish, State of Louisiana and hold State Oyster Lease Nos. 3641117, 2803315, 2783615, 3147021, 3322008, 3279007, 3057320, 3183121, and 3237307 within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

29.

Defendant, Hilcorp Energy Company ("Hilcorp"), is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Hilcorp is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over whom it exercised supervision and/or control. Hilcorp also maintains and operates pipelines, which transport produced water and brine.

30.

Defendant, Chevron Pipeline Company ("Chevron"), is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Chevron is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over whom it exercised supervision and or control.

31.

Defendant, Crescent Midstream, LLC ("Crescent"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Crescent is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous

9

pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

32.

Defendant, Phillips 66 Pipeline, LLC ("Phillips"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Phillips is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

33.

Defendant, Targa Resources Corp. ("Targa") is a foreign corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Targa is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

34.

Defendant, Cayenne Pipeline, LLC ("Cayenne") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Cayenne is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

35.

Defendant, Kinetica Partners, LLC ("Kinetica Partners") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Kinetica Partners is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of

10

numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

36.

Defendant, Kinetica Energy Express, LLC ("Kinetica") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Kinetica is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

37.

Defendant, Harvest Midstream Company ("Harvest") is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Harvest is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

38.

Defendants, American Midstream Partners, LLP and/or Third Coast Midstream, LLC ("Collectively American") are foreign entities licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. American is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

39.

Defendant, Venture Global Services, LLC ("Venture") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Venture is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous

11

pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors,

over at whom it exercised supervision and or control.

40.

Defendant, Venture Global LNG, LLC ("Venture Global") is a foreign limited liability

company licensed to do and doing business within the State of Louisiana and in Plaquemines

Parish. Venture Global is responsible for permitting, managing, and overseeing its oil and gas

operation exploration and production projects including the installation, maintenance and repair of

numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its

contractors, over at whom it exercised supervision and or control.

41.

Defendant, Venture Global Plaquemines, LLC ("Venture Global Plaquemines") is a

foreign limited liability company licensed to do and doing business within the State of Louisiana

and in Plaquemines Parish. Venture Global Plaquemines is responsible for permitting, managing,

and overseeing its oil and gas operation exploration and production projects including the

installation, maintenance and repair of numerous pipelines and platforms within Louisiana

territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and

or control.

42.

Defendant, Venture Global Gator Express, LLC ("Venture Global Gator") is a foreign

limited liability company licensed to do and doing business within the State of Louisiana and in

Plaquemines Parish. Venture Global Plaquemines is responsible for permitting, managing, and

overseeing its oil and gas operations and exploration and production projects including the

installation, maintenance and repair of numerous pipelines and platforms within Louisiana

territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and

or control.

43.

Defendant, D & L Towing, Incorporated ("D&L"), is a domestic corporation, organized

and existing pursuant to the laws of the State of Louisiana licensed to do and doing business within

the State of Louisiana, while Heritage Marine & Services, LLC, is a domestic limited liability

12

company, organized and existing pursuant to the laws of the State of Louisiana and licensed to do and doing business within the State of Louisiana, including Plaquemines Parish. At all times pertinent, D&L and/or Heritage, upon information and belief, owned and operated an inland pushboat, LORINA, for the benefit of Hilcorp at the time of the incidents described herein.

44.

Defendant, Settoon Towing, LLC, a Delaware Limited Liability Company ("Settoon"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana, and within Plaquemines Parish. Upon information and belief, Settoon owned and/or operated the inland pushboats, PHILOMENE P. PERERA and ARCHIE C SETOON, for the benefit of Hilcorp at the time of the incidents described herein.

45.

Jurisdiction and venue are proper within this Court because the  nexus of damage was caused by Defendants' traditional maritime activity in Plaquemines Parish, Louisiana. Specifically, Defendants' conduct gives rise to causes of action under both general maritime law and causes of action arising under Louisiana law.  Plaintiffs herein invoke the general maritime law of the United States pursuant to the Saving to Suitors Clause of 28 USC §1333.

46.

Beginning on or about January 2, 2021, and continuing through the present, Plaintiffs have discovered significant oyster mortality in the Plaintiffs' oyster leases.

47.

Subsequently, Plaintiffs as well as persons acting for and on behalf of Plaintiffs and/or other oyster leaseholders, diligently investigated the possible extent of the oyster mortality in Plaintiffs' oyster leases and elsewhere.

48.

In the course of their investigations, scientists working for and on behalf of Plaintiffs ruled out numerous causes, eventually concluding in December, 2021, that the extensive oyster mortality was caused by the introduction and/or release  of one or more substances toxic to oysters, including, but not limited to, brine and/or produced water.

13

49.

Plaintiffs undertook all possible investigative efforts to determine the cause of the extensive oyster mortality in their oyster leases but because of the lack of notice, lack of permitting and Defendants' failure to comply with the law, Plaintiffs were unable to determine the cause of the damage to their oyster leases until all sampling was completed in November, 2021 and scientists received the results of the sampling in December, 2021.

50.

Plaintiffs aver that the activities and operations of the aforementioned Defendants during the latter part of December, 2020 and the early part of January 2021, resulted in the aforementioned introduction and/or release of one or more substances, including, but not limited to, brine and/or produced water in or in the vicinity of, the Plaintiffs' oyster leases, which, in turn, caused and/or contributed to the extensive oyster mortality in Plaintiffs' oyster leases. As a result, Plaintiffs have suffered past, present and future damage to the property, lost income, diminished value, as well as the cost to restore their oyster leases.

51.

Defendants are liable to Plaintiffs for the injuries, losses, expenses and damages Plaintiffs sustained under La. Civil Code arts. 667-669 and 2315, as well as the general maritime law for the following reasons:

a.       Defendants negligently damaged Plaintiffs' property and/or oyster leases and/or otherwise failed to use reasonable care to avoid harm to Plaintiffs' oyster leases, including, but not limited to:

   i.       Failing to take precautions to prevent the release of toxic substances into Louisiana waters, where Plaintiffs' oyster leases are located;

   ii.      Negligently releasing toxic substances into the water column; and

   iii.     Failing to report the release so as to allow Plaintiffs the opportunity to take remedial measures.

b.       Defendants failed to properly notify the State of their intention to access and perform work on their pipelines and/or platforms and/or other structures, and failed to notify the

14

State, including the Department of Wildlife and Fisheries and the Department of Natural Resources of their activity near or within, or over Plaintiffs' oyster leases and to obtain the proper permits and clearances to access and perform their work activities in the area of Plaintiffs' oyster leases.

      c.     Defendants failed to timely and properly report the aforementioned release to the proper governmental authorities, which prevented Plaintiffs from mitigating their damages;

      d.     Defendants have failed to restore the damage they caused to portions of the oyster leases and/or to compensate Plaintiffs for the damage caused to their oyster leases; and

      e.     Any other acts of negligence and/or strict liability revealed in discovery or shown at the time of trial in this matter to violate Louisiana law and/or the general maritime law.

52.

The water bottoms where Plaintiffs' oyster leases are located and in which the events at issue in this suit occurred, constitute a navigable water way and water body in that it is susceptible for use in its natural and ordinary state as a highway for water borne commerce, was in regular use for commerce by energy companies, including Defendants, and received and was capable of receiving regular commercial vessel traffic, and by commercial fisherman, including the Plaintiffs and those acting before and/or on behalf of same. Accordingly, the general maritime law would apply to this action.

53.

Based on the aforementioned allegations, and to the extent the general maritime law applies and there is evidence of willful, wanton or reckless conduct on the part of the Defendants, Plaintiffs seek punitive damages.

54.

Plaintiffs also pray for trial by jury.

15

## PRAYER

WHEREFORE, Plaintiffs, Terrance M. Shelley, Terry's Oysters, Inc., Eglica Madjor, Henry McAnespy, Braco Madjor & Ivo Bilich Partnership, Jeffery P. Gallet, Oyster Eagle, LLC, Oyster Eagle 2, LLC, Braco Madjor & Mato Bjelis Partnership, Mary Gjenero Bilich, Kurtich and Madjor, Mato Bjelis and Braco Madjor, Ivo Bilich, Manuela A. Madjor, Muddy Waters, Terry Shelley & Henry McAnespy Partnership, Braco Madjor & Ivo Bilich, Shallow Reef Partnership, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, KMB Leases, Braco Madjor, Madjor & Madjor, Davor Bilich, Ivo Mark Bilich, KM Leases, Bilich & Bilich Partnership, Fox Seafoods, Inc., Bridget Cargill Alexis and Truman F. Alexis pray that the Defendants, Hilcorp Energy Company, Chevron Pipeline Company, Crescent Midstream, LLC, Phillips 66 Pipeline, LLC, Targa Resources Corp., Cayenne Pipeline, LLC, Kinetica Energy Express, LLC, Harvest Midstream Company, American Midstream Partners, LLP, Targa Midstream Services, LLC, Kinetica Partners, LLC, D&L Towing, Incorporated, Settoon Towing, LLC, Venture Global Services, LLC, Venture Global Gator Express, LLC, Venture Global LNG, Inc. and Venture Global Plaquemines, be cited and served with a copy of the Original Petition for Damages, and be required to answer same, all in accordance with the law; and that after due delays and proceedings had, there be judgment in favor of Plaintiffs and against Defendants, in an amount which adequately compensates Plaintiffs as set for above, with legal interest from the date of judicial demand, and for all costs of these proceedings, as well as attorney's fees.

Respectfully submitted,

ANDREW C. WILSON (#01162)
MILLING BENSON WOODWARD, LLP
68031 Capital Trace Row
Mandeville, LA 70471
Telephone: (985) 292-2000
Facsimile: (985) 292-2001
Email: awilson@millinglaw.com
*Attorneys for Plaintiffs*

16

Jan. 3. 2022 6:10PM          No. 4906   P. 18
Page 18
Case 2:22-cv-01345-EEF-MBN   Document 1-2   Filed 05/13/22   Page 17 of 53

**PLEASE SERVE  (Withhold Service At this Time):**

Hilcorp Energy Company
Through their Registered Agent for Service of Process,

Chevron Pipeline Company
Through their Registered Agent for Service of Process,

Crescent Midstream, LLC
Through their Registered Agent for Service of Process,

Phillips 66 Pipeline, LLC
Through their Registered Agent for Service of Process,

Target Resources Corp.
Through their Registered Agent for Service of Process,

Cayenne Pipeline, LLC
Through their Registered Agent for Service of Process,

Kinetica Energy Express, LLC
Through their Registered Agent for Service of Process,

Harvest Midstream Company
Through their Registered Agent for Service of Process,

American Midstream Partners, LLP
Through their Registered Agent for Service of Process,

Targa Midstream Services, LLC
Through their Registered Agent for Service of Process,

Kinetica Partners, LLC
Through their Registered Agent for Service of Process,

D&L Towing Incorporated,
Through their Registered Agent for Service of Process,

Settoon Towing, LLC
Through their Registered Agent for Service of Process,

Venture Global Services, LLC
Through their Registered Agent for Service of Process,

Venture Global Gator Express, LLC
Through their Registered Agent for Service of Process,

Venture Global LNG, Inc.
Through their Registered Agent for Service of Process,

Venture Global Plaquemines, LLC
Through their Registered Agent for Service of Process,

17

# MILLING

## BENSON WOODWARD L.L.P.
ATTORNEYS AT LAW | WWW.MILLINGLAW.COM

**Andrew C. Wilson**
(985) 292-2000
awilson@millinglaw.com

January 3, 2022

*Via Facsimile No. 504-934-6629*
*And U.S. Mail*

Clerk of Court
25th Judicial District Court
Parish of Plaquemines
18055 Highway 15
Point a La Hache, LA  70082

*FAX*
**FILED**
JAN 03 2022
DEPUTY CLERK
PLAQUEMINES PARISH, LA

> Re:    Barataria Bay Oyster Mortality Investigation
>        D/L   January 3, 2021
>        Our File No.  91361

Dear Sir or Madame:

Enclosed please find a Petition for Damages we are filing with the Court.  Once you have received this Petition, please return to the undersigned a fax confirmation showing receipt and including costs for filing.  We will then provide you with the original and copies of the Petition along with our check for costs associated with this filing.  Thank you for your cooperation and assistance in this matter.

Sincerely,

Andrew C. Wilson

ACW/ncb
Enclosure

*Northshore* • 68031 Capital Trace Row • Mandeville, Louisiana 70471 • Ph. (985) 292-2000 • Fax 985-292-2001
*New Orleans* • 909 Poydras Street, Suite 2300 • New Orleans, Louisiana 70112 • Ph. (504) 569-7000 • Fax 504-569-7001
*Baton Rouge* • 6421 Perkins Road, Bldg. B, Suite B, Baton Rouge, Louisiana 70808 • Ph. (225) 291-7300 • Fax 225-291-4524

```
Page(Thank                                          TX Result Report                          P   1
                                                                                01/03/2022 19:40
                                                                        Serial No.  AA6R011004531
                                                                                    TC:   247739
```

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 99852922001 | 01-03 19:39 | 00:00:54 | 001/001 | OK | |

```
Note   THR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
       DRC:Page Separation TX, MIX:Mixed Original TS, CALL:Manual TX, CSRC:CSRC,
       FWD:Forward, PC:PC-FAX, BND:Double-Sided Binding Direction, SP:Special Original,
       FCODE:F-Code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, SIP:SIP Fax,
       IPADR:IP Address Fax, I-FAX:Internet Fax

Result OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
       TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
       Refuse: Receipt Refused, BUSY: Busy, M-Full:Memory Full, LOVR:Receiving length Over,
       POVR:Receiving page Over, FIL:File Error, DC:Decode Error, NDN:NDN Response Error,
       DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
       DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.
```

---

### FACSIMILE RECEIPT CERTIFICATE

SHELLEY ET AL, TERANCE M                                Case #: 00067139
                                                        Division: A
Versus                                                  25th Judicial District Court
                                                        Parish of Plaquemines
HILCORP ENERGY COMPANY ET AL                            State of Louisiana



TO:  ANDREW C WILSON
     MILLING BENSON WOODWARD LLP
     68031 CAPITAL TRACE ROW
     MANDEVILLE, LA 70471
VIA FAX: (985) 292-2001

THIS IS TO CERTIFY that a PETITION FOR DAMAGES was transmitted by facsimile from your office to the Plaquemines Parish Clerk of Court's fax line (504) 934-6629 and 17 total pages were received and marked filed on January 3, 2022 in the above captioned matter.

Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on Tuesday, January 4, 2022.

*PLEASE REMIT: 700 .00 PAYABLE TO PLAQUEMINES PARISH CLERK OF COURT.

Deputy Clerk of Court for
Hon. Kim Turlich-Vaughan
Plaquemines Parish Clerk of Court
P.O. Box 40
Belle Chasse LA 70037
(504) 934-6610
www.clerk25th.com

---

La. R.S. 13:850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.
Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

[ ORIGINAL ]

# FACSIMILE RECEIPT CERTIFICATE



**SHELLEY ET AL, TERANCE M**

Versus

**HILCORP ENERGY COMPANY ET AL**

**Case #: 00067139**
**Division: A**
**25th Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

TO:  **ANDREW C WILSON**
 **MILLING BENSON WOODWARD LLP**
 **68031 CAPITAL TRACE ROW**
 **MANDEVILLE, LA  70471**
**VIA FAX: (985) 292-2001**

 THIS IS TO CERTIFY that a **PETITION FOR DAMAGES** was transmitted by facsimile from your office to the Plaquemines Parish Clerk of Court's fax line (504) 934-6629 and **17** total pages were received and marked filed on **January 3, 2022** in the above captioned matter.

 Thus done and signed at Belle Chasse, Plaquemines Parish, Louisiana, on **Tuesday, January 4, 2022**.

# *PLEASE REMIT: $600.00 PAYABLE TO PLAQUEMINES PARISH CLERK OF COURT.

*Frank J. Boure Jr.*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
**P.O. Box 40**
**Belle Chasse LA 70037**
**(504) 934-6610**
*www.clerk25th.com*

---

**La. R.S. 13:850. Facsimile transmission; filings in civil actions; fees; equipment and supplies**

 A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.
 B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:
 (1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.
 (2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.
 (3) A transmission fee of five dollars.
 C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for matters related to filings by facsimile transmission.
 D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.
 Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## 25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

### STATE OF LOUISIANA

CASE NO. 67-139                                        DIVISION "A"

TERRANCE M. SHELLEY, TERRY'S OYSTERS, INC., EGLICA MADJOR, HENRY
McANESPY, BRACO MADJOR & IVO BILICH PARTNERSHIP, JEFFERY P. GALLET,
OYSTER EAGLE, LLC, OYSTER EAGLE 2, LLC, BRACO MADJOR & MATO BJELIS
PARTNERSHIP, MARY GJENERO BILICH, KURTICH AND MADJOR, MATO BJELIS
AND BRACO MADJOR, IVO BILICH, MANUELA A. MADJOR, MUDDY WATERS,
TERRY SHELLEY & HENRY MCANESPY PARTNERSHIP, BRACO MADJOR & IVO
BILICH, SHALLOW REEF PARTNERSHIP, STEPHANIE ANN VALLOT BILICH AND
IVO MARK BILICH, KMB LEASES, FOX SEAFOODS, INC. , RODNEY FOX. BRACO
MADJOR, MADJOR & MADJOR, DAVOR BILICH, IVO MARK BILICH, KM LEASES,
BILICH & BILICH PARTNERSHIP, BRIDGET CARGILL ALEXIS AND TRUMAN F.
ALEXIS

### VERSUS

HILCORP ENERGY COMPANY, D&L TOWING, INCORPORATED, SETTOON
TOWING, LLC, CHEVRON PIPELINE COMPANY, CRESCENT MIDSTREAM, LLC,
PHILLIPS 66 PIPELINE, LLC, TARGA RESOURCES CORP., CAYENNE PIPELINE,
LLC, KINETICA PARTNERS, LLC, KINETICA ENERGY EXPRESS, LLC, HARVEST
MIDSTREAM COMPANY, AMERICAN MIDSTREAM PARTNERS, LLP, TARGA
MIDSTREAM SERVICES, LLC, VENTURE GLOBAL SERVICES, LLC, VENTURE
GLOBAL GATOR EXPRESS, LLC, VENTURE GLOBAL LNG, INC., AND VENTURE
GLOBAL PLAQUEMINES, LLC

FILED: _____          _____
                                         DEPUTY CLERK

### PETITION FOR DAMAGES

**FILED**

JAN 05 2022

DY. CLERK

   NOW INTO COURT, through undersigned counsel, come Plaintiffs, Terrance M.

Shelley, Terry's Oysters, Inc., Eglica Madjor, Henry McAnespy, Jeffery P. Gallet, Oyster Eagle,

LLC, Oyster Eagle 2, LLC, Braco Madjor & Ivo Bilich Partnership, Braco Madjor & Mato Bjelis

Partnership, Mary Gjenero Bilich, Kurtich and Madjor, Mato Bjelis And Braco Madjor, Ivo Bilich,

Manuela A. Madjor, Muddy Waters, Terry Shelley & Henry McAnespy Partnership, Braco Madjor

& Ivo Bilich, Shallow Reef Partnership, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, KMB

Leases,  Fox Seafoods, Inc., Rodney Fox, Braco Madjor, Madjor & Madjor, Davor Bilich, Ivo

Mark Bilich, KM Leases, Bilich & Bilich Partnership, Bridget Cargill Alexis and Truman F.

Alexis, who respectfully represent the following:

1.

Plaintiff, Terrance M. "Terry" Shelley, is a person of the full age of majority who resides in Port Sulpur, Plaquemines Parish, Louisiana, and holds State Oyster Leases and private leases Shelley Y1, Shelley Y2, Shelley Y3, Shelley Y4, Shelley Y5, Shelley Y6, Shelley Y7, Shelley Y8, Shelley Y9, Shelley Y10, Shelley Y11, Shelley Y12, Shelley Y13, Shelley Y14, Shelley Y15, P0-002, P0-007, and P0-0012 on lands owned by private entities, including but not limited to Apache Corporation and its related and subsidiary Companies, as well as Conoco Phillips/LL&E, within Louisiana territorial waters in Plaquemines Parish.  He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

2.

Plaintiff, Terry's Oysters, Inc. is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases Nos. 3369513, 3669613, 3668213, 3668413, 3668313, 2866017, 2706913, 3419210, 3579414, 3579514, 3412110, 3640717, 3464110 as well as private leases on lands owned by private entities within Louisiana territorial waters in Plaquemines Parish.  The corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

3.

Plaintiff, Eglica Madjor is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Lease No. 1941 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

4.

Plaintiff, Henry McAnespy is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases Nos. 3219921, 3134420, 3136621,

2

3220021, 220127 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

5.

Plaintiff, Braco Madjor & Ivo Bilich Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

6.

Plaintiff, Jeffrey P. Gallet, Jr. is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases Nos. 3214621, 2831216, 2794715, 3412709, 3676214, 3481811, 2885517, 2862416, 3250007, 3641317, 2772815, 2815516, 2864916, 3640017, 3632316, 3657912, 3641217, 2861016, 3646515   2865016, 2793015, 2885417, 2818316, 3270507, 3357809, 3357709, 3357609, 3453310 within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

7.

Plaintiff, Oyster Eagle, LLC is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases including No. 3676214 within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

3

8.

Plaintiff, Oyster Eagle 2, LLC is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

9.

Plaintiff, Mary Gjenero Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  She, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

10.

Plaintiff, Kurtich and Madjor, is a domestic entity or partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  The partnership, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

11.

Plaintiff, Mato Bjelis and Braco Madjor is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  This partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

4

12.

Plaintiff, Ivo Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

13.

Plaintiff, Manuela A. Madjor, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. She, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

14.

Plaintiff, Muddy Waters, is a domestic partnership organized and existing pursuant to the law of Louisiana which holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. This entity along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

15.

Plaintiff, Terry Shelley and Henry McAnespy Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and this corporation, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

5

16.

Plaintiff, Braco Madjor & Ivo Bilich, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and their partnership, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

17.

Plaintiff, Shallow Reef Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. This corporation along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

18.

Plaintiffs, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, are a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They and their partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

19.

Plaintiff, KMB Leases, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

20.

Plaintiff, Braco Madjor, is a person of the full age of majority, and a citizen and resident of Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

21.

Plaintiff, Madjor & Madjor, is a domestic partnership organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  They, and their partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

22.

Plaintiff, Davor Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

23.

Plaintiff, Ivo Mark Bilich, is a person of the full age of majority who resides in Plaquemines Parish, Louisiana, and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish.  He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

7

24.

Plaintiff, KM Leases, is a domestic partnership organized and existing pursuant to the laws of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. The partnership along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

25.

Plaintiff, Bilich and Bilich Corporation, is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

26.

Plaintiff, Fox Seafoods, Inc., is a domestic corporation organized and existing pursuant to the law of the State of Louisiana and holds State Oyster Lease Nos. 2784815, 2861116, 3676114, 3612215, 2908817, 3470011, 3195821, 3469911, and 3010311 within Louisiana territorial waters within Plaquemines Parish. They, along with multiple independent contractors cultivate and harvest oysters from their leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

27.

Plaintiff, Rodney Fox, a person of the full age of majority, and a citizen and resident of St. Tammany Parish, State of Louisiana and holds State Oyster Leases within Louisiana territorial waters in Plaquemines Parish. He, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

8

28.

Plaintiffs, Bridget Cargill Alexis and Truman F. Alexis, are individuals, citizens and residents of Plaquemines Parish, State of Louisiana and hold State Oyster Lease Nos. 3641117, 2803315, 2783615, 3147021, 3322008, 3279007, 3057320, 3183121, and 3237307 within Louisiana territorial waters in Plaquemines Parish.   They, along with multiple independent contractors cultivate and harvest oysters from these leases as a family business, and in accordance therewith has invested substantial money and labor in constructing oyster beds, purchasing culch, and building, maintaining, and/or operating vessels to service these leases.

29.

Defendant, Hilcorp Energy Company ("Hilcorp"), is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish.   Hilcorp is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over whom it exercised supervision and/or control.   Hilcorp also maintains and operates pipelines, which transport produced water and brine.

30.

Defendant, Chevron Pipeline Company ("Chevron"), is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish.   Chevron is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over whom it exercised supervision and or control.

31.

Defendant, Crescent Midstream, LLC ("Crescent"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Crescent is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous

9

pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

32.

Defendant, Phillips 66 Pipeline, LLC ("Phillips"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Phillips is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

33.

Defendant, Targa Resources Corp. ("Targa") is a foreign corporation licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Targa is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

34.

Defendant, Cayenne Pipeline, LLC ("Cayenne") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Cayenne is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

35.

Defendant, Kinetica Partners, LLC ("Kinetica Partners") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Kinetica Partners is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of

10

numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

36.

Defendant, Kinetica Energy Express, LLC ("Kinetica") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Kinetica is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

37.

Defendant, Harvest Midstream Company ("Harvest") is a foreign company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Harvest is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

38.

Defendants, American Midstream Partners, LLP and/or Third Coast Midstream, LLC ("Collectively American") are foreign entities licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. American is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

39.

Defendant, Venture Global Services, LLC ("Venture") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Venture is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous

pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

40.

Defendant, Venture Global LNG, LLC ("Venture Global") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Venture Global is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

41.

Defendant, Venture Global Plaquemines, LLC ("Venture Global Plaquemines") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Venture Global Plaquemines is responsible for permitting, managing, and overseeing its oil and gas operation exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

42.

Defendant, Venture Global Gator Express, LLC ("Venture Global Gator") is a foreign limited liability company licensed to do and doing business within the State of Louisiana and in Plaquemines Parish. Venture Global Plaquemines is responsible for permitting, managing, and overseeing its oil and gas operations and exploration and production projects including the installation, maintenance and repair of numerous pipelines and platforms within Louisiana territorial waters, and for the conduct of its contractors, over at whom it exercised supervision and or control.

43.

Defendant, D & L Towing, Incorporated ("D&L"), is a domestic corporation, organized and existing pursuant to the laws of the State of Louisiana licensed to do and doing business within the State of Louisiana, while Heritage Marine & Services, LLC, is a domestic limited liability

12

company, organized and existing pursuant to the laws of the State of Louisiana and licensed to do and doing business within the State of Louisiana, including Plaquemines Parish. At all times pertinent, D&L and/or Heritage, upon information and belief, owned and operated an inland pushboat, LORINA, for the benefit of Hilcorp at the time of the incidents described herein.

44.

Defendant, Settoon Towing, LLC, a Delaware Limited Liability Company ("Settoon"), is a foreign limited liability company licensed to do and doing business within the State of Louisiana, and within Plaquemines Parish. Upon information and belief, Settoon owned and/or operated the inland pushboats, PHILOMENE P. PERERA and ARCHIE C SETOON, for the benefit of Hilcorp at the time of the incidents described herein.

45.

Jurisdiction and venue are proper within this Court because the nexus of damage was caused by Defendants' traditional maritime activity in Plaquemines Parish, Louisiana. Specifically, Defendants' conduct gives rise to causes of action under both general maritime law and causes of action arising under Louisiana law. Plaintiffs herein invoke the general maritime law of the United States pursuant to the Saving to Suitors Clause of 28 USC §1333.

46.

Beginning on or about January 2, 2021, and continuing through the present, Plaintiffs have discovered significant oyster mortality in the Plaintiffs' oyster leases.

47.

Subsequently, Plaintiffs as well as persons acting for and on behalf of Plaintiffs and/or other oyster leaseholders, diligently investigated the possible extent of the oyster mortality in Plaintiffs' oyster leases and elsewhere.

48.

In the course of their investigations, scientists working for and on behalf of Plaintiffs ruled out numerous causes, eventually concluding in December, 2021, that the extensive oyster mortality was caused by the introduction and/or release of one or more substances toxic to oysters, including, but not limited to, brine and/or produced water.

13

49.

Plaintiffs undertook all possible investigative efforts to determine the cause of the extensive oyster mortality in their oyster leases but because of the lack of notice, lack of permitting and Defendants' failure to comply with the law, Plaintiffs were unable to determine the cause of the damage to their oyster leases until all sampling was completed in November, 2021 and scientists received the results of the sampling in December, 2021.

50.

Plaintiffs aver that the activities and operations of the aforementioned Defendants during the latter part of December, 2020 and the early part of January 2021, resulted in the aforementioned introduction and/or release of one or more substances, including, but not limited to, brine and/or produced water in or in the vicinity of, the Plaintiffs' oyster leases, which, in turn, caused and/or contributed to the extensive oyster mortality in Plaintiffs' oyster leases. As a result, Plaintiffs have suffered past, present and future damage to the property, lost income, diminished value, as well as the cost to restore their oyster leases.

51.

Defendants are liable to Plaintiffs for the injuries, losses, expenses and damages Plaintiffs sustained under La. Civil Code arts. 667-669 and 2315, as well as the general maritime law for the following reasons:

a. Defendants negligently damaged Plaintiffs' property and/or oyster leases and/or otherwise failed to use reasonable care to avoid harm to Plaintiffs' oyster leases, including, but not limited to:

    i. Failing to take precautions to prevent the release of toxic substances into Louisiana waters, where Plaintiffs' oyster leases are located;

    ii. Negligently releasing toxic substances into the water column; and

    iii. Failing to report the release so as to allow Plaintiffs the opportunity to take remedial measures.

b. Defendants failed to properly notify the State of their intention to access and perform work on their pipelines and/or platforms and/or other structures, and failed to notify the

14

State, including the Department of Wildlife and Fisheries and the Department of Natural Resources of their activity near or within, or over Plaintiffs' oyster leases and to obtain the proper permits and clearances to access and perform their work activities in the area of Plaintiffs' oyster leases.

c.      Defendants failed to timely and properly report the aforementioned release to the proper governmental authorities, which prevented Plaintiffs from mitigating their damages;

d.      Defendants have failed to restore the damage they caused to portions of the oyster leases and/or to compensate Plaintiffs for the damage caused to their oyster leases; and

e.      Any other acts of negligence and/or strict liability revealed in discovery or shown at the time of trial in this matter to violate Louisiana law and/or the general maritime law.

52.

The water bottoms where Plaintiffs' oyster leases are located and in which the events at issue in this suit occurred, constitute a navigable water way and water body in that it is susceptible for use in its natural and ordinary state as a highway for water borne commerce, was in regular use for commerce by energy companies, including Defendants, and received and was capable of receiving regular commercial vessel traffic, and by commercial fisherman, including the Plaintiffs and those acting before and/or on behalf of same. Accordingly, the general maritime law would apply to this action.

53.

Based on the aforementioned allegations, and to the extent the general maritime law applies and there is evidence of willful, wanton or reckless conduct on the part of the Defendants, Plaintiffs seek punitive damages.

54.

Plaintiffs also pray for trial by jury.

15

## PRAYER

**WHEREFORE**, Plaintiffs, Terrance M. Shelley, Terry's Oysters, Inc., Eglica Madjor, Henry McAnespy, Braco Madjor & Ivo Bilich Partnership, Jeffery P. Gallet, Oyster Eagle, LLC, Oyster Eagle 2, LLC,  Braco Madjor & Mato Bjelis Partnership, Mary Gjenero Bilich, Kurtich and Madjor, Mato Bjelis and Braco Madjor, Ivo Bilich, Manuela A. Madjor, Muddy Waters, Terry Shelley & Henry McAnespy Partnership, Braco Madjor & Ivo Bilich, Shallow Reef Partnership, Stephanie Ann Vallot Bilich and Ivo Mark Bilich, KMB Leases, Braco Madjor, Madjor & Madjor, Davor Bilich, Ivo Mark Bilich, KM Leases, Bilich & Bilich Partnership, Fox Seafoods, Inc., Bridget Cargill Alexis and Truman F. Alexis pray that the Defendants, Hilcorp Energy Company, Chevron Pipeline Company, Crescent Midstream, LLC, Phillips 66 Pipeline, LLC, Targa Resources Corp., Cayenne Pipeline, LLC, Kinetica Energy Express, LLC, Harvest Midstream Company, American Midstream Partners, LLP, Targa Midstream Services, LLC, Kinetica Partners, LLC, D&L Towing, Incorporated, Settoon Towing, LLC, Venture Global Services, LLC, Venture Global Gator Express, LLC, Venture Global LNG, Inc. and Venture Global Plaquemines, be cited and served with a copy of the Original Petition for Damages, and be required to answer same, all in accordance with the law; and that after due delays and proceedings had, there be judgment in favor of Plaintiffs and against Defendants, in an amount which adequately compensates Plaintiffs as set for above, with legal interest from the date of judicial demand, and for all costs of these proceedings, as well as attorney's fees.

Respectfully submitted,

_____
ANDREW C. WILSON (#01162)
MILLING BENSON WOODWARD, LLP
68031 Capital Trace Row
Mandeville, LA 70471
Telephone:    (985) 292-2000
Facsimile:    (985) 292-2001
Email:   awilson@millinglaw.com
***Attorneys for Plaintiffs***

16

**PLEASE SERVE  (Withhold Service At this Time):**

Hilcorp Energy Company
Through their Registered Agent for Service of Process,

Chevron Pipeline Company
Through their Registered Agent for Service of Process,

Crescent Midstream, LLC
Through their Registered Agent for Service of Process,

Phillips 66 Pipeline, LLC
Through their Registered Agent for Service of Process,

Target Resources Corp.
Through their Registered Agent for Service of Process,

Cayenne Pipeline, LLC
Through their Registered Agent for Service of Process,

Kinetica Energy Express, LLC
Through their Registered Agent for Service of Process,

Harvest Midstream Company
Through their Registered Agent for Service of Process,

American Midstream Partners, LLP
Through their Registered Agent for Service of Process,

Targa Midstream Services, LLC
Through their Registered Agent for Service of Process,

Kinetica Partners, LLC
Through their Registered Agent for Service of Process,

D&L Towing Incorporated,
Through their Registered Agent for Service of Process,

Settoon Towing, LLC
Through their Registered Agent for Service of Process,

Venture Global Services, LLC
Through their Registered Agent for Service of Process,

Venture Global Gator Express, LLC
Through their Registered Agent for Service of Process,

Venture Global LNG, Inc.
Through their Registered Agent for Service of Process,

Venture Global Plaquemines, LLC
Through their Registered Agent for Service of Process,

17

# CITATION

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **HILCORP ENERGY COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

YOU ARE NAMED AS A DEFENDANT in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

***IMPORTANT:  IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,**
**YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS**
**THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*
_____
**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

---

### SERVICE INFORMATION

RECEIVED _____ • SERVED _____ • RETURNED _____

SERVICE WAS MADE: _____ **PERSONAL** on the party herein named **OR** _____ **DOMICILIARY** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____ , a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____UNABLE  TO SERVE:  _____VACANT                    _____MOVED                    ATTEMPTS MADE: _____
                       _____BAD ADDRESS              _____NEED APT./BLDG. NUMBER
                       _____RECEIVED TOO LATE TO SERVE    _____OTHER: _____

Service     $_____

Mileage     $_____                    PARISH OF _____

Total       $_____                    _____
                                                     DEPUTY SHERIFF

FOOTERAREA

# CITATION

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **D & L TOWING INCORPORATED**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**DEAN JAMES ST. PIERRE**
**360 LEVILLAGE DRIVE**
**LAROSE, LA 70345**

YOU ARE NAMED AS A DEFENDANT in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

***IMPORTANT: IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,
YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS
THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*
**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

## SERVICE INFORMATION

RECEIVED _____ • SERVED _____ • RETURNED _____

SERVICE WAS MADE: _____ PERSONAL on the party herein named OR _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____ , a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____ UNABLE TO SERVE: _____ VACANT _____ MOVED _____ ATTEMPTS MADE: _____

_____ BAD ADDRESS _____ NEED APT./BLDG. NUMBER

_____ RECEIVED TOO LATE TO SERVE _____ OTHER: _____

Service  $_____

Mileage  $_____    PARISH OF _____

Total    $_____    _____
                          DEPUTY SHERIFF

FOOTERAREA

# CITATION

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **HARVEST MIDSTREAM COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

YOU ARE NAMED AS A DEFENDANT in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

**\*\*\*IMPORTANT:  IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,**
**YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS**
**THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.\*\*\***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

## SERVICE INFORMATION

RECEIVED _____ • SERVED _____ • RETURNED _____

SERVICE WAS MADE: _____ **PERSONAL** on the party herein named **OR** _____ **DOMICILIARY** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____ , a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____UNABLE TO SERVE: _____VACANT          _____MOVED          ATTEMPTS MADE: _____
                       _____BAD ADDRESS       _____NEED APT./BLDG. NUMBER
                       _____RECEIVED TOO LATE TO SERVE    _____OTHER: _____

Service    $_____
                          PARISH OF _____
Mileage    $_____

Total      $_____          DEPUTY SHERIFF

FOOTERAREA

# CITATION

## FOR RETURN

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL

Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

**RETURN**

**RECEIVED 2022 APR -8 PM 1:**

To: **D & L TOWING INCORPORATED**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**DEAN JAMES ST. PIERRE**
**360 LEVILLAGE DRIVE**
**LAROSE, LA 70345**

**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

**\*\*\*IMPORTANT: IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE, YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.\*\*\***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

**FILED**

APR 22 2022
*Sandi R. Fondella*
**DEPUTY CLERK**
**PLAQUEMINES PARISH. LA**

*Edward E.S*
**Deputy Clerk of Court for**
**Hon. Kim Turlich-Vaughan**
**Plaquemines Parish Clerk of Court**
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** *www.clerk25th.com*

**SERVICE INFORMATION**

RECEIVED _____ • SERVE

SERVICE WAS MADE: _____ PERSONAL on th
his/her domicile in the parish in the hands of _____
living and residing in said domicile and whose nam
herein being absent from his/her residence at the tir

_____UNABLE TO SERVE: _____VACANT
_____BAD ADDRI
_____RECEIVED

| | |
|---|---|
| Service | $_____ |
| Mileage | $_____ |
| Total | $_____ |

eaving the same at
of seventeen years,
l person, said party

S MADE: _____

**LAFOURCHE SHERIFF'S RETURN**
00037139          Date: 04/12/22 Time: 10:51
Status:Domicilary
Served On: D & L TOWING, INCORPORATED THROUGH DEAN
ST. PIERRE
Address:360 LE VILLAGE DR, LAROSE, LA 70373
Served By: ROBICHAUX, APRIL
Due: $70.60          Invoice #: 22006241
Comments: WIFE
Signature: *Deputy April Robichaux #1750*

# NOTICE OF SERVICE

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



**Case:** 00067139
**Division:** A
**25th Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

To:  ANDREW C WILSON
MILLING BENSON WOODWARD LLP
68031 CAPITAL TRACE ROW
MANDEVILLE, LA 70471

_____

**Service of:**        (X) Citation; (    ) Petition; (    ) SDT; (    ) Witness Subpoena

(    ) Motion & Order; (    ) Rule; (    ) Judgment (    ) Other:

**Party Served**:    D & L TOWING INCORPORATED

**Date of Service**: 4/12/2022

**Type of Service**: (    ) Personal    (X) Domiciliary

**If no service, reason**:

*Sandi L. Gondrella*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** *www.clerk25th.com*

# CITATION

**FOR RETURN**

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **SETTOON TOWING LLC**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**JAMES R AUSTIN**
**ONE AMERICAN PLACE, 23RD FLOOR** *3rd floor*
**BATON ROUGE, LA 70821** *445 North Blvd*
**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

> ***IMPORTANT: IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,**
> **YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS**
> **THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

---

**SERVICE INFORMATION**

RECEIVED 4/21/22 • SERVED 4/22/22 • RETURNED 4/22/22

SERVICE WAS MADE: _____ PERSONAL on the party herein named OR _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of James L. Austin a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____ UNABLE TO SERVE: _____ VACANT            _____ MOVED                    ATTEMPTS MADE: _____
                         _____ BAD ADDRESS        _____ NEED APT./BLDG. NUMBER
                         _____ RECEIVED TOO LATE TO SERVE   _____ OTHER: _____

| | | |
|---|---|---|
| Service | $ | |
| Mileage | $ | |
| Total | $ | |

~~FILED~~   PARISH OF E.B.R.

APR 28 2022
*Dana ... DEPUTY CLERK*   *... DEPUTY SHERIFF* 27/2

**[ FILED COPY ]**

RECEIVED DATE

APR 21 2022

E.B.R. Sheriff Office

# NOTICE OF SERVICE

TERANCE M SHELLEY ET AL

**Versus**

HILCORP ENERGY COMPANY ET AL



**Case:** 00067139
**Division:** A
**25ᵗʰ Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

To: ANDREW C WILSON
MILLING BENSON WOODWARD LLP
68031 CAPITAL TRACE ROW
MANDEVILLE, LA 70471

**Service of**:     (X) Citation; (   ) Petition; (   ) SDT; (   ) Witness Subpoena

                        (   ) Motion & Order; (   ) Rule; (   ) Judgment (   ) Other:

**Party Served**:    SETTOON TOWING LLC

**Date of Service**: 4/22/22

**Type of Service**: (X) Personal    (   ) Domiciliary

**If no service, reason**:

*Lane Hochstin*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** *www.clerk25th.com*



**MILLING**
**BENSON WOODWARD** L.L.P.
ATTORNEYS AT LAW | WWW.MILLINGLAW.COM

**Andrew C. Wilson**
(985) 292-2000
*awilson@millinglaw.com*

April 25, 2022



*Via Facsimile No. 504-934-6629*
*And U. S. Mail*
Clerk of Court
25th Judicial District Court
Parish of Plaquemines
18055 Highway 15
Point a La Hache, LA 70082

     Re:    Terrance Shelley, et al. v Hilcorp Energy Company, et al.
            25th JDC No. 67139, Division A
            Our File No. 91361

Dear Sir or Madame:

     Please be advised that service of plaintiffs' Petition for Damages needs to be effected as follows:

     Please serve the Petition for Damages filed on January 3, 2022 on Settoon Towing, LLC through their Agent for Service of Process:

                  Mr. Russ Settoon
                  1073 Highway 70
             Pierre Part, Louisiana 70339

     We understand there is enough money on the docket to pay for this service. Thank you for your cooperation and assistance in this matter.

                  Sincerely,

                  Andrew C. Wilson

ACW/ncb

*Northshore* • 68031 Capital Trace Row • Mandeville, Louisiana 70471 • Ph. (985) 292-2000 • Fax 985-292-2001
*New Orleans* • 909 Poydras Street, Suite 2300 • New Orleans, Louisiana 70112 • Ph. (504) 569-7000 • Fax 504-569-7001
*Baton Rouge* • 6421 Perkins Road, Bldg. B, Suite B, Baton Rouge, Louisiana 70808 • Ph. (225) 291-7300 • Fax 225-291-4524

# CITATION

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25ᵗʰ Judicial District Court
Parish of Plaquemines
State of Louisiana

To:  **MR. RUSS SETTOON**
  **1073 HIGHWAY 70**
  **PIERRE PART, LA 70339**

YOU ARE NAMED AS A DEFENDANT in the above-captioned matter, the Petition of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25ᵗʰ Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

***IMPORTANT:  IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,
YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS
THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
  *A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
  *B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
  *C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151.  Amendment of petition and answer; answer to amended petition*
  *A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.  He may be ordered to amend his petition under Articles 932 through 934.  A defendant may amend his answer once without leave of court at any time within ten days after it has been served.  Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
  *A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

  WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, April 28, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.S*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

## SERVICE INFORMATION

RECEIVED _____ • SERVED _____ • RETURNED _____

SERVICE WAS MADE: _____ PERSONAL on the party herein named OR _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____ , a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____ UNABLE TO SERVE: _____ VACANT          _____ MOVED                 ATTEMPTS MADE: _____
                        _____ BAD ADDRESS      _____ NEED APT./BLDG. NUMBER
                        _____ RECEIVED TOO LATE TO SERVE   _____ OTHER: _____

| | | |
|---|---|---|
| Service | $_____ | |
| Mileage | $_____ | PARISH OF _____ |
| Total | $_____ | DEPUTY SHERIFF |

FOOTERAREA

# CITATION

## FOR RETURN

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **HILCORP ENERGY COMPANY**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

***IMPORTANT: IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,**
**YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS**
**THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*I made service on the named party through the*
☑ CT Corp
☐ LA Corp & Registered Agent Services
*by tendering a copy of this document to*
☐ Brenna Beauregard
☐ Allison Reed
☐ Abby Sarmiento
☐ Ashley Minvielle
☑ APR 2 2 2022
**DEPUTY BRYAN SIMMONS**
Parish of East Baton Rouge, Louisiana

*Edward E.*
**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

**SERVICE INFORMATION**

RECEIVED _____ • SERVED _____ • RETURNED _____

SERVICE WAS MADE: _____ PERSONAL on the party herein named OR _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____ UNABLE TO SERVE: _____ VACANT _____ MOVED ATTEMPTS MADE: _____
_____ BAD ADDRESS _____ NEED APT./BLDG. NUMBER
_____ RECEIVED TOO LATE TO SERVE _____ OTHER: _____

| | | |
|---|---|---|
| Service | $ _____ | PARISH OF _____ |
| Mileage | $ _____ | |
| Total | $ _____ | DEPUTY SHERIFF |

**FILED**
MAY 05 2022
DEPUTY CLERK

[ FILED COPY ]

## CITATION

**FOR RETURN**

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL



Case: 00067139
Division: A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To: **HARVEST MIDSTREAM COMPANY**
   **THROUGH ITS AGENT FOR SERVICE OF PROCESS**
   **CT CORPORATION SYSTEM**
   **3867 PLAZA TOWER DRIVE**
   **BATON ROUGE, LA 70816**

**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

**\*\*\*IMPORTANT:  IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,**
**YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS**
**THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.\*\*\***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*    A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
*    B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*    C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151.  Amendment of petition and answer; answer to amended petition*
*    A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.  He may be ordered to amend his petition under Articles 932 through 934.  A defendant may amend his answer once without leave of court at any time within ten days after it has been served.  Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*    A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

        WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Tuesday, April 05, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

I made service on the named party through the

☑ CT Corp
☐ LA Corp & Registered Agent Services

APR 2 2 2022

tendering a copy of this document to
☐ Brenna Beauregard
☐ Allison Reed

SERVED BY DEPUTY BRYAN SIMMONS

DEPUTY

### SERVICE INFORMATION

RECEIVED _____ RETURNED _____

SERVICE WAS MADE: _____ PERSONAL on the party herein named, _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____ UNABLE TO SERVE: _____ VACANT           _____ MOVED                   ATTEMPTS MADE: _____
                        _____ BAD ADDRESS       _____ NEED APT./BLDG. NUMBER
                        _____ RECEIVED TOO LATE TO SERVE   _____ OTHER: _____

|  |  |  |  |
|---|---|---|---|
| Service | $ _____ | | **FILED** |
| Mileage | $ _____ | PARISH OF _____ | |
| Total | $ _____ | _____ | MAY 05 2022 |
|  |  | **DEPUTY SHERIFF** | |
|  |  | [ FILED COPY ] | **DEPUTY CLERK** |

# NOTICE OF SERVICE

TERANCE M SHELLEY ET AL

**Versus**

HILCORP ENERGY COMPANY ET AL



**Case:** 00067139
**Division:** A
**25th Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

To:  ANDREW C WILSON
MILLING BENSON WOODWARD LLP
68031 CAPITAL TRACE ROW
MANDEVILLE, LA  70471

_____

**Service of:**      (XX) Citation; (      ) Petition; (      ) SDT; (      ) Witness Subpoena

(      ) Motion & Order; (      ) Rule; (      ) Judgment (      ) Other:

**Party Served**:   HILCORP ENERGY COMPANY - 4/22/22 - PERSONAL
HARVEST MIDSTREAM COMPANY - 4/22/22 - PERSONAL

**Date of Service**:

**Type of Service**: (      ) Personal   (      ) Domiciliary

**If no service, reason**:

_Lane Hochstin_
**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** *www.clerk25th.com*

# NOTICE OF SERVICE

TERANCE M SHELLEY ET AL

**Versus**

HILCORP ENERGY COMPANY ET AL



**Case:** 00067139
**Division:** A
**25th Judicial District Court**
**Parish of Plaquemines**
**State of Louisiana**

To:  ANDREW C WILSON
     MILLING BENSON WOODWARD LLP
     68031 CAPITAL TRACE ROW
     MANDEVILLE, LA  70471

_____

**Service of**:        (X) Citation; (     ) Petition; (     ) SDT; (     ) Witness Subpoena

(     ) Motion & Order; (     ) Rule; (     ) Judgment (     ) Other:

**Party Served**:   MR RUSS SETTOON

**Date of Service**:  UNABLE TO SERVE

**Type of Service**: (     ) Personal    (     ) Domiciliary

**If no service, reason**: MOVED - PRESENT ADDRESS IS 6473 HWY 44 SUITE 104 GONZALES LA 70737

_Lane Hochstin_

**Deputy Clerk of Court for**
_Hon. Kim Turlich-Vaughan_
_Plaquemines Parish Clerk of Court_
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** _www.clerk25th.com_

17-10-03 10:35          Assumption Sheriff 9853691395 >>                    P 1/1



**LELAND J. FALCON**
SHERIFF AND EX-OFFICIO TAX COLLECTOR
PARISH OF ASSUMPTION
P.O. BOX 69
NAPOLEONVILLE, LA 70390
**PHONE** (985) 369-7281 **FAX** (985) 369-1395



RECEIVED: _May - 02 - 22_

THIS SERVICE WAS NOT EXECUTED FOR REASONS CHECKED:

( ✓ ) MOVED----PRESENT ADDRESS _6 4 7 3  Hwy 44  Gonzales LA_  ___
_Suit 104_                                          _70737_

( ) MOVED----OUT OF PARISH, ADDRESS UNKNOWN

( ) MOVED----PHYSICAL ADDRESS UNKNOWN

( ) P.O. BOX, NEED PHYSICAL ADDRESS

( ) WHEREABOUTS UNKNOWN          ( ) INCOMPLETE ADDRESS

( ) NO SUCH ADDRESS          ( ) RECEIVED TOO LATE FOR SERVICE

( ) NOT KNOWN AT GIVEN ADDRESS     ( ) UNABLE TO SERVE IN TIME

( ) INCARCERATED               ( ) DECEASED

( ) _/_ ATTEMPT(S) WERE MADE, UNABLE TO SERVE

REMARKS: _____

_____

_____

_____

_5- 4- 22_                     _Dty Ronnie Mabile #1064_
DATE RETURNED                  DEPUTY SHERIFF
                               ASSUMPTION PARISH

# CITATION

**FOR RETURN**

TERANCE M SHELLEY ET AL

Versus

HILCORP ENERGY COMPANY ET AL

**RECEIVED**

MAY 02

**ASSUMPTION PARISH SHERIFF'S OFFICE**

Case: 00067139
**Division:** A
25th Judicial District Court
Parish of Plaquemines
State of Louisiana
PO Box 40 Belle Grasse, LA 70037

To: **MR RUSS SETLOON**
**1073 HIGHWAY 70**
**PIERRE PART, LA** 70339

**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

**\*\*\*IMPORTANT: IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,
YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS
THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.\*\*\***

**La. Code of Civil Procedure Article 1001 states:**

*Art. 1001. Delay for answering*
*A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after the service of citation and service of discovery request.*
*B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
*C. The court may grant additional time for answering.*

**La. Code of Civil Procedure Article 1151 states:**

*Art. 1151. Amendment of petition and answer; answer to amended petition*
*A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
*A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, April 28, 2022.

Req. By:
ANDREW WILSON
ATTY FOR PLTF

*Edward E.*

**Deputy Clerk of Court for**
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
**P.O. Box 40 • Belle Chasse LA 70037**
**(504) 934-6610 •** *www.clerk25th.com*

---

## SERVICE INFORMATION

RECEIVED _____ • SERVED _____ • RETURNED _____
SERVICE WAS MADE: _____ PERSONAL on the party herein named OR _____ DOMICILIARY on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

_____UNABLE TO SERVE: _____VACANT _____MOVED ATTEMPTS MADE: _____
_____BAD ADDRESS _____NEED APT./BLDG. NUMBER
_____RECEIVED TOO LATE TO SERVE _____OTHER: _____ **FILED**

Service $_____
Mileage $_____    PARISH OF _____
Total $_____

MAY 09 2022

DEPUTY SHERIFF    DEPUTY CLERK

[FILED COPY]



### Assumption Parish Sheriff's Office
Leland J. Falcon, Sheriff & Ex-Officio Tax Collector
P.O. Box 69
Napoleonville, LA 70390
985-369-7281
Fax: 985-369-1395
www.assumptionsheriff.com



Invoice                                                          Printed on May 5, 2022

**Billed To** PLAQUEMINES PARISH CLERK
P.O. BOX 40
BELLE CHASSE, LA 70037

**Due 30 days from Date of Invoice.**

**Reference** Civil Papers C202202318; Serve On: SETTOON, RUSS
**Invoice #** 202202449
**Invoice Date** 5/5/22
**Due Date** 6/5/22

| Item | Amount Owed | Amount Paid |
|---|---|---|
| Mileage Fee | $29.00 | $0.00 |

|  |  |
|---|---|
| **Total Owed** | $29.00 |
| **Total Paid** | $0.00 |
| **Uncollectible** | $0.00 |
| **Remaining** | $29.00 |

**Comments**
DOCKET # 67139

Please mail check to:

**ASSUMPTION PARISH SHERIFF'S OFFICE**
**P.O. BOX 69**
**NAPOLEONVILLE, LA, 70390**

Or deliver payment to:

**ASSUMPTION PARISH SHERIFF'S OFFICE**
**112 Franklin Street**
**Napoleonville, LA 70390**
**Phone: (985) 369-7281**
**Fax: (985) 369-1395**