UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELLEY ET AL** | CIVIL ACTION |
| **VERSUS** | NO. 22-1345 |
| **HILCORP ENERGY COMPANY ET AL** | SECTION "L" (5) |

## ORDER & REASONS

Before the Court are five Motions to Dismiss for Insufficient Service of Process, by the following defendants and groups of defendants: Phillips 66 Pipeline, LLC (R. Doc. 42); Venture Global Services, LLC, Venture Global Gator Express, LLC, Venture Global Lng., Inc. and Venture Global Plaquemines LNG, LLC (R. Doc. 43); Chevron Pipe Line Company (R. Doc. 44); Cayenne Pipeline, LLC, Targa Midstream Services, LLC, and Targa Resources Corp. (R. Doc. 45); and Crescent Midstream, LLC (R. Doc. 54). Plaintiffs filed opposition memoranda to each of these motions (R. Doc. 61; R. Doc. 62; R. Doc 63; R. Doc 64; R. Doc 65). The court has considered the law and the record, and rules as follows.

  I. **BACKGROUND**

This case arises out of alleged property damage to oyster leases between the latter part of December 2020 and early part of January 2021. R. Doc. 1-1 at 14. Plaintiffs, who all hold interests in oyster bed leases in the coastal waters of Plaquemines Parish, sued two vessel owners and dozens of other Defendants who are allegedly "responsible for permitting, managing, and overseeing . . . oil and gas operation exploration and production projects[,] including the installation, maintenance, and repair of numerous pipelines and platforms within Louisiana

1

territorial waters." *Id.* at 12. Plaintiffs allege that the Defendants, during the pertinent time period, introduced "brine," "produced water," and other unspecified "toxic substances" "in or in the vicinity of the Plaintiffs' oyster leases." *Id.* These substances are all alleged to be products of underwater extraction of crude oil. *Id.* Plaintiffs allege that, as a result of the introduction of these substances into waters in or around their oyster beds, their oyster leases have incurred "significant oyster mortality." *Id.*

On January 5, 2022, Plaintiffs filed a state court petition in the 25th Judicial District Court for the Parish of Plaquemines, seeking damages. *Id.* at 1. Hilcorp Energy Company ("Hilcorp") and Harvest Midstream Company ("Harvest") were served on April 22, 2022, and removed this matter to this Court on May 13, 2022. R. Doc. 1 at 1.

In their notice of removal, Defendants asserted both and federal question and diversity jurisdiction. *Id.* at 2. Regarding the former, Defendants averred that the non-diverse, in-state defendant, D&L Towing ("D&L"), is improperly joined, and thus the Court has diversity jurisdiction. *Id.* at 17. As to the latter, Defendants asserted that the incidents described in the petition necessarily concern claims under the federal Oil Pollution Act ("OPA") 33 U.S.C. § 40 *et. seq.*, and thus the Court has federal question jurisdiction. *Id.* at 3-4.

Plaintiffs filed a motion for remand, which this Court denied without prejudice at oral argument on July 20, 2022. R. Doc. 31. At the same hearing, the Court consolidated this case with a limited liability matter, *In Re: Settoon Towing, LLC et al* (case number 2:22-cv-01483-EEF-MBN), for the purposes of discovery only. *Id.* In a subsequent status conference held on October 19, 2022, counsel for Defendants noted that several parties still had not been served by Plaintiffs. R. Doc. 39. The Court ordered that the Plaintiffs serve all unserved Defendants by November 3, 2022. *Id.*

## II. PRESENT MOTIONS

Movants here have filed 12(b)(5) motions arguing that Plaintiffs' claims against them should be dismissed because Plaintiff failed to serve them by the November 3, 2022 deadline set by the Court during the October 19, 2022 status conference. R. Doc. 42-1 at 3; R. Doc. 43-1 at 4; R. Doc. 44-1 at 2; R. Doc. 45-1 at 4; R. Doc. 54-1 at 4. Defendant Chevron, like the four other Movants, notes that because the case was removed on May 13, 2022, Rule 4(m) provided Plaintiffs with 90 days—until August 11, 2022—to serve them. R. Doc. 42-1 at 2. After this Court extended the service deadline to November 3, 2022, Movants argue, Plaintiffs still failed to serve them by that date, *id.* at 3, and therefore the Court should use its discretion to dismiss them from this action, *id. See also* R. Doc. 43-1 at 2; R. Doc. 44-1 at 2; R. Doc. 45-1 at 2; R. Doc. 54-1 at 2.

In their opposition, Plaintiffs argue that, because Movants were served on November 9, 2022, their motions to dismiss should be denied as moot. Further, Plaintiffs argue, Plaintiff's counsel was "distracted by the demise and death of a family member" and there was no evidence that plaintiffs' "dilatoriness or fault" or "inaction." R. Doc. 65 at 2.

## III. LAW AND ANALYSIS

Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); see *also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "When service of process is

challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)). Defendants argue that service was untimely, in violation of Rule 4(m).

Federal Rule of Civil Procedure 4(m) requires that, if a defendant is not served within 90 days after the filing of the complaint, the court must "dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause," the court must extend the time for service. *Id.* Plaintiff, as the serving party, bears the burden of proving the validity of service or good cause for failure to timely serve. See *Sys. Signs Supplies*, 903 F.2d at 1013; *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). However, "even if good cause is lacking, the court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 Fed. Appx. 146 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

The parties do not dispute that service was untimely. Indeed, this case was removed on May 13, 2022, R. Doc. 1, meaning that service was required by August 11, 2022 under Rule 4(m). Fed. R. Civ P. 4(m). During an October 19, 2022 status conference, the Court extended this deadline for fifteen days, until November 3, 2022. R. Doc. 39. Defendants were not served until November 9, 2022.

Because the Plaintiffs did miss the Court's extended deadline for service, the Court must consider whether good cause exists to excuse Plaintiff's procedural failure. To establish "good cause," a plaintiff must "demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v.*

4

*United States*, 9 F.3d 344, 345 (5th Cir. 1993)). In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (quoting 10 Wright & Miller Federal Practice and Procedure: Civil § 1165 at 622) (emphasis omitted).

In this instance, the Court finds that there is good cause for the Plaintiffs' procedural failure. First, Plaintiffs served Movants on November 9, only six days after the November 3, 2022 deadline set by the Court. Given the number of parties involved in this case and the complexities that have arisen due to the consolidation of this case with the related limited liability action, the Court does not find this to be a significant delay. Second, as Plaintiffs noted in their memoranda in opposition to the present motions, Plaintiffs' counsel has, during the time period relevant here, undergone personal hardship known to this Court and to the other parties involved in this case. Given this exigency, Plaintiffs certainly have "demonstrate[d] at least as much as would be required to show excusable neglect" rather than mere ignorance of the rules or indifference to the deadlines set by this Court.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motions to Dismiss for Insufficient Service of Process by Defendants Phillips 66 Pipeline, LLC (R. Doc. 42); Venture Global Services, LLC, Venture Global Gator Express, LLC, Venture Global Lng., Inc. and Venture Global Plaquemines LNG, LLC (R. Doc. 43); Chevron Pipe Line Company (R. Doc. 44); Cayenne Pipeline, LLC, Targa Midstream Services, LLC, and Targa Resources Corp. (R. Doc. 45); and Crescent Midstream, LLC (R. Doc. 54).

New Orleans, Louisiana this 6th day of February, 2023.

                                                          **THE HONORABLE ELDON E. FALLON**
                                                          **UNITED STATES DISTRICT JUDGE**