UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELLEY ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1345** |
| **HILCORP ENERGY COMPANY ET AL** | **SECTION "L" (5)** |

### ORDER & REASONS

    The Court has before it seven motions in the above-captioned action, which concerns alleged damage to oyster beds in Plaquemines Parish. Six of those motions were filed by various Defendants in this case: a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) by Hilcorp Energy Company ("Hilcorp") and Harvest Midstream Company ("Harvest"), R. Doc. 58; a 12(b)(6) motion by Chevron Pipeline Company ("Chevron"), R. Doc. 100; a 12(b)(6) motion by Cayenne Pipeline, LLC ("Cayenne"), Targa Midstream Services, LLC and Targa Resources Corp. (collectively "Targa"), R. Doc. 116; a motion for judgment on the pleadings under Rule 12(c) by Crescent Midstream, LLC ("Crescent"), R. Doc. 130; a 12(b)(6) motion by Venture Global Gator Express, LLC ("Venture") *et al.*, R. Doc. 132; and a 12(b)(6) motion by Phillips 66 Pipeline, LLC ("Phillips"). R. Doc. 150. Plaintiffs, a group of thirty individuals and entities with interests in oyster leases in Plaquemines Parish, oppose all of Defendants' motions. R. Doc. 84; R. Doc. 107; R. Doc. 134; R. Doc. 133; R. Doc. 135; R. Doc. 152. Additionally, Plaintiffs have filed a motion for review, R. Doc. 122, of the Magistrate Judge's denial, R. Doc. 118, of its motion to file an amended complaint, R. Doc. 108. Defendants Hilcorp and Harvest have responded in opposition to Plaintiffs' motion. R. Doc. 131. Having considered the parties' arguments, the record, and the applicable law, the Court rules as follows.

1

I. **BACKGROUND**

This case arises out of alleged property damage to oyster leases between the latter part of December 2020 and early part of January 2021. R. Doc. 1-1 at 14. Plaintiffs, who all hold interests in oyster bed leases in the coastal waters of Plaquemines Parish, sued two vessel owners and dozens of other Defendants, which they alleged are "responsible for permitting, managing, and overseeing . . . oil and gas operation exploration and production projects including the installation, maintenance, and repair of numerous pipelines and platforms within Louisiana territorial waters." *Id.* at 12. Plaintiffs allege that Defendants, during the pertinent time period, introduced "brine," "produced water," and other unspecified "toxic substances" "in or in the vicinity of the Plaintiffs' oyster leases." *Id.* These substances are all believed to be products of underwater extraction of crude oil. *Id.* Plaintiffs allege that, as a result of the introduction of these substances into waters in or around their oyster beds, their oyster leases have incurred "significant oyster mortality." *Id.*

On January 5, 2022, Plaintiffs filed a state court petition in the 25th Judicial District Court for the Parish of Plaquemines, seeking damages. *Id.* at 1. Hilcorp and Harvest were served on April 22, 2022, and removed this matter to this Court on May 13, 2022. R. Doc. 1 at 1.

In their notice of removal, Defendants asserted that this Court has both diversity jurisdiction and federal question over Plaintiffs' claims. *Id.* at 2. As to diversity jurisdiction, Defendants asserted that the only non-diverse, in-state defendant, D&L Towing ("D&L"), was improperly joined. *Id.* at 17. As to the latter, Defendants asserted that the incidents described in the petition necessarily concern claims under the federal Oil Pollution Act ("OPA") 33 U.S.C. § 40 *et. seq.*, and thus the Court has federal question jurisdiction. *Id.* at 3-4.

Plaintiffs filed a motion for remand, which this Court denied without prejudice at oral argument on July 20, 2022. R. Doc. 31. The Court told the parties that it would retain jurisdiction over the case for the parties to conduct limited jurisdictional discovery, and that the parties could file motions challenging the Court's jurisdiction at the appropriate juncture after that jurisdictional discovery had taken place. R. Doc. 31 at 35. At the same hearing, the Court consolidated this case with a limitation of liability proceeding, *In Re: Settoon Towing, LLC et al.*, No. 22-1483, for the purposes of discovery only. *Id.* In a subsequent status conference held on October 19, 2022, counsel for Defendants noted that several parties still had not been served by Plaintiffs. R. Doc. 39. The Court then ordered Plaintiffs to serve all unserved Defendants no later than November 3, 2022. *Id.*

On November 3, 2022, five sets of Defendants filed 12(b)(5) motions arguing that Plaintiffs' claims against them should be dismissed because Plaintiffs failed to serve them by the November 3, 2022 deadline set by the Court during the October 19, 2022 status conference. R. Doc. 42-1 at 3; R. Doc. 43-1 at 4; R. Doc. 44-1 at 2; R. Doc. 45-1 at 4; R. Doc. 54-1 at 4. This Court denied those motions because the Plaintiffs served Defendants by November 9, 2022, and because it found that Plaintiffs had established good cause for the delay. R. Doc. 94

On March 8, 2023, Plaintiffs filed a motion to amend their complaint, which they asserted would have added more allegations regarding Hilcorp's activities in the area near the oyster leases. R. Doc. 108. Specifically, Plaintiffs sought to amend the petition to allege that salinity monitoring units had shown a number of spikes in salinity in the area of their oyster beds between December 26, 2020 and January 8, 2021, with some spikes upwards of 36 parts per thousand—a large increase in the "normal salinity conditions in the Gulf of Mexico," which hover around 21 to 25 parts per thousand. R. Doc. 108-2 at 5-6. Further, Plaintiffs sought to add

3

the allegations that Hilcorp maintains pipelines in that area, operates saltwater disposal wells in that area in which it reinjects produced water/brine into ground, and has used vessels to move produced water by barge and tanks to saltwater disposal tanks in the area near the oyster leases. *Id.* at 6. On March 28, 2023, the Magistrate Judge denied that motion, holding that the amended petition would be "futile, as it fails to allege any facts that would be sufficient to support a valid claim for relief." R. Doc. 118 at 2. The Magistrate Judge explained that, among other noted issues:

> [T]he proposed amendment fails to plead that any pipeline actually leaked or discharged its contents, or that any boat allegedly carrying brine or produced water was involved in a collision or other event leading to a discharge. Rather, it relies on plain speculation that an alleged spike in salinity must have been caused by some act or omission of some defendant(s) without specifying anything more. The insufficiency of these allegations is actually reinforced by the last paragraph of the proposed amended complaint: "All of the allegations herein arise out of the exact same negligent conduct set forth in the original Petition/Complaint." (Rec. doc. 108-2 at 9). But there is no conduct, much less negligent conduct, alleged in the proposed Amended Complaint.

*Id.* The Magistrate Judge thus denied the Plaintiffs' motion to amend the Complaint. On May 23, 2023, this Court dismissed the only non-diverse defendant, D&L Towing as improperly joined, thereby determining that this case was properly in front of this Court pursuant to its diversity jurisdiction. R. Doc. 142.

## II. PRESENT MOTIONS

### A. Hilcorp and Harvest Midstream's 12(b)(6) Motion

Hilcorp and Harvest (hereinafter, "Movants") move this Court to dismiss Plaintiffs' claims for failure to state a plausible claim upon which relief can be granted under Rule 12(b)(6). Movants argue that Plaintiffs' allegations "lump together 16 different defendants without pleading any particularized facts about each individual defendant's allegedly tortious conduct." R. Doc. 58-1 at 2. Because of the vagueness of the allegations, Movants argue that Plaintiffs'

4

claims against them must be dismissed, or, in the alternative, that Plaintiffs be required to "amend their petition to plead sufficient facts to give Hilcorp and Harvest notice of the claims against them." *Id.*

Movants contend that Plaintiffs have not stated a plausible claim for relief because Plaintiffs' complaint merely speculates that some defendants may have engaged in tortious activities. *Id.* at 5. Movants argue that Plaintiffs "allege that the unspecified 'activities and operations' of all defendants between 'the latter part of December, 2020 and the early part of January 2021' resulted in the unspecified 'introduction and/or release of one or more substances'" but that Plaintiffs fail to assert "which activities or operations caused any such release, which defendants engaged in any particular damage-causing activities, or specifically when and where these alleged activities occurred." *Id.* Furthermore, Movants argue that no allegations have been brought against them specifically; rather, they have been "lump[ed] together" among a group of "16 different defendants with different types of operations without including specific facts about any individual defendant." *Id.* at 6. For these reasons, Movants assert that Plaintiffs complaint cannot survive Rule 12(b)(6) review and must be dismissed. In the alternative, Movants request that Plaintiffs be ordered to amend their petition "to allege specific facts about operations or activities of Hilcorp and Harvest that allegedly resulted in the release of substances and the details about such releases, including the when, where, what, and how." *Id.* at 9.

In opposition, Plaintiffs argue that their claims should not be dismissed because their allegations that "vessel activities and oil and gas activities took place in the vicinity of Plaintiffs' oyster leases resulting in damage to their oyster leases" are sufficient to state a claim under Rule 12(b)(6). R. Doc. 84 at 3.

5

### B. Chevron Pipe Line Company's 12(b)(6) Motion

Chevron similarly moves this Court to dismiss Plaintiffs' claims or to order that Plaintiffs amend their petition to plead facts more specific to Chevron in support of their claims. R. Doc. 100-1 at 1. Chevron asserts that Plaintiffs' petition makes no allegations specific to Chevron's pipeline operation and relies only on "unrelated operations" of defendants to support their allegations. *Id.* at 3. For this reason, Chevron claims that dismissal under Rule 12(b)(6) is proper. *Id.*

In the alternative, the Chevron asks the Court to order Plaintiffs to amend their petition under Rule 12(e). *Id.* Chevron asserts that it cannot respond to Plaintiffs' complaint because Plaintiff alleges no facts specific to Chevron which could establish a basis for a claim against it. *Id.* at 4.

In opposition, Plaintiffs respond that they have pleaded sufficient facts to state a plausible claim because they have alleged tortious actions that meet the standard to state a claim under admiralty and maritime law, as well as Louisiana Oyster Lease Law. R. Doc. 107 at 5-7. Further, Plaintiffs request that the Court allow them additional time to conduct discovery so that they may amend their pleadings to contain more specific allegations. *Id.* at 7-8. Plaintiffs also note that they have already sought to amend their original complaint in the motion denied by the Magistrate Judge, and assert that their proposed amended complaint states sufficient allegations to survive "any FRCP Rule 12 challenges." *Id.* at 8.

### C. Other Defendants' Rule 12 Motions

Defendants Cayenne and Targa, Crescent[1], Venture, and Phillips (collectively "Defendants") also move this Court either to dismiss Plaintiffs' claims or to order Plaintiffs to

---

[1] While Crescent's motion is asserted under Rule 12(c), Crescent's basis for its motion is the same as the other Defendants'—that Plaintiffs' complaint fails to state a claim upon which relief may be granted. *See* R. Doc. 130-1 at

6

amend their petition. R. Doc. 116-1; R. Doc. 130; R. Doc. 132; R. Doc. 150. Defendants assert that Plaintiffs' allegations are insufficient to state a plausible claim for relief. R. Doc. 116-1 at 5; R. Doc. 130-1 at 3-4; R. Doc. 132-1 at 5; R. Doc. 150-1 at 5.

Defendants cite the Magistrate Judge's order denying Plaintiffs' leave to file their proposed amended complaint in support of these assertions, arguing that since the Magistrate Judge ruled that Plaintiffs' proposed amended complaint failed to state a plausible claim, the same must be true for Plaintiffs' original complaint at issue here. R. Doc. 130-1 at 4; R. Doc. 132-1 at 7; R. Doc. 150-1 at 7. Ultimately, Defendants argue that Plaintiffs' overly broad and unspecific allegations against the sixteen Defendants in this case must be dismissed under FRCP 12(b)(6). R. Doc. 132-1 at 6; R. Doc. 150-1 at 5.

In opposition, Plaintiffs again respond that they have pleaded facts sufficient to state a plausible claim upon which relief could be granted because they alleged tortious acts that meet the standards to state a claim under admiralty and maritime law as well as Louisiana Oyster Lease Law, and alternatively request that this Court allow them to proceed into substantive discovery so that they may amend their pleadings to contain more specific allegations against each defendant. R. Doc. 134 at 13; R. Doc. 133 at 13; R. Doc. 135 at 13; R. Doc. 152 at 13.

**D. Plaintiffs' Motion for Review of the Magistrate Judge's Order**

Finally, Plaintiffs move this Court for reconsideration of the Magistrate Judge's order denying their motion to amend their complaint. Plaintiffs argue that the Magistrate Judge committed clear error "by refusing to consider the Plaintiffs' strong circumstantial case based on universally recognized scientific principles." Additionally, they assert that the Magistrate Judge's ruling was procedurally invalid because it constituted a dispositive ruling on Plaintiffs' claims–

---

1. Accordingly, the Court must apply the same standard for dismissal under Rule 12(b)(6), and thus will discuss Crescent's motion jointly with those of the other Defendants.

that is, that the Magistrate Judge's ruling that Plaintiffs' proposed amendment must be denied as futile for failure to allege any facts that would be sufficient to support a valid claim for relief also constitutes a ruling that the allegations in Plaintiffs' original complaint were insufficient to survive review under Rule 12(b)(6).

Only Hilcorp and Harvest have responded to Plaintiffs' motion. In opposition to that motion, Hilcorp and Harvest argue that the Magistrate Judge correctly held that allowing Plaintiffs to amend their complaint would have been futile because Plaintiffs' proposed amended complaint is deficient for the same reasons as Plaintiffs' original complaint—neither can survive Rule 12(b)(6) review.

### III. LAW AND ANALYSIS

#### A. Defendants' Rule 12(b)(6) Motions

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted

8

factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Under Louisiana law, a plaintiff asserting negligence must prove: "(1) the defendant had a duty to conform his conduct to a specific standard of care, that is, the duty element, (2) the defendant's conduct failed to conform to the appropriate standard of care, that is, the breach element, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, that is, the cause-in-fact element, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, that is, the scope-of-duty element, and (5) actual damages, that is, the damages element." *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014).

In their motions to dismiss, Defendants all argue that Plaintiffs have failed to sufficiently allege the elements of breach and cause-in-fact. Specifically, Defendants contend that Plaintiffs have failed to allege either any negligent actions by any specific defendant, or how such unspecified actions caused Plaintiffs' alleged injuries.

As to the breach element, in their complaint Plaintiffs allege only that Defendants generally (1) "failed to take precautions to prevent the release of toxic substances into Louisiana waters, where Plaintiffs' oyster leases are located," (2) "negligently released toxic substances into the water," and (3) "fail[ed] to report the release so as to allow Plaintiffs the opportunity to take remedial measures." R. Doc. 1-2 at 34. As to causation, Plaintiffs allege that the negligent discharge of toxic substances into the water "caused or contributed to the extensive oyster mortality in Plaintiffs' oyster leases." *Id.* But these allegations are speculative, conclusory, and unspecific to any individual defendant. Plaintiffs have not provided a "when, where, what, or why, or how" that points to an action or series of actions taken by any named defendant that caused damage to Plaintiffs' oyster beds. Without such allegations, Plaintiffs' complaint fails to

9

state a claim upon which relief can be granted, and thus cannot survive review under Rule 12(b)(6).

B. **Defendants' Request, in the Alternative, that Plaintiffs be Ordered to Amend their Complaint and Plaintiffs' Motion for Review of the Magistrate Judge's Order**

Having found that Plaintiffs' original complaint fails to state a claim upon which relief may be granted, the Court must consider whether the appropriate action is to dismiss Plaintiffs' claims, or to order Plaintiffs to amend their complaint to add additional support for their claims.

Here, Plaintiffs have already sought to amend their complaint. As explained *supra*, the Magistrate Judge denied Plaintiffs' motion to do so, ruling that Plaintiffs' proposed amendment would be futile because the proposed amended complaint failed to state any plausible claim for relief. The Court finds no error in the Magistrate Judge's decision. As the Magistrate Judge explained, even Plaintiffs' proposed amended complaint "relies on plain speculation that an alleged spike in salinity must have been caused by some act or omission of some defendant(s) without specifying anything more." [2] R. Doc. 118 at 2. The amendments Plaintiffs have already proposed to make to their complaint thus did nothing to cure the deficiencies in Plaintiffs' original complaint that the Court has identified. In the proposed amendment, the Plaintiffs identify the networks of pipelines owned by some of the Defendants, and overlay these maps with the maps of Plaintiffs' oyster leases. R. Doc. 108-2 at 6-8. Plaintiffs alleges that the salinity spiked in December 2020 and January 2021, and also allege that Hilcorp's saltwater disposal

---

[2] In addition to arguing that the Magistrate Judge's ruling that their proposed amendment would be futile, Plaintiffs assert that that ruling was procedurally invalid because the Magistrate Judge's holding that their proposed amended complaint would fail Rule (12)(b)(6) review was essentially also a holding that their originally complaint would fail Rule (12)(b)(6) review as well. Plaintiffs argue that this is thus a dispositive ruling on their claims, and therefore beyond the purview of a Magistrate Judge under Rule 72. But this is not so. If the Magistrate Judge's order denying Plaintiffs leave to amend their complaint had been a dispositive ruling in this matter, the Court would not be considering Defendants' Rule 12 motions now before it; rather, the case would have been dismissed after the Magistrate Judge issued his order.

wells have previously leaked. *Id.* at 5-6. But Plaintiffs ultimately argue that "the significant and sudden increases in salinity could only have been caused by a release of brine" from Defendants pipelines or vessels, *id.* at 8—not that any Defendant negligently caused a pipeline to leak or failed to repair a leak, negligently injected brine into a saltwater well, or negligently spilled brine or produced water from a vessel moving this waste to a disposal tank.

Plaintiffs fail to plead that any pipeline actually leaked or discharged its contents or that any vessel carrying brine or produced water was involved in a collision or any other event that led to a discharge. Plaintiffs allege no conduct, much less negligent conduct, on a specific date by a Defendant or Defendants. It is unfair and prejudicial to the Defendants to loop them into this litigation and force them to incur costs and attorney's fees so that the Plaintiffs can explore whether any Defendant engaged in any conduct that could have caused the damage alleged.

As is required by *Iqbal*, this Court credits the Plaintiffs' allegations that their oyster beds died, and that there was a significant spike in salinity in December 2020 and January 2021 that could have caused these deaths. However, there Plaintiffs do not point to any specific action or inaction by any of the Defendants named here that it alleges caused the salinity spike. This Court could nonetheless grant Plaintiffs' request to allow it to conduct further discovery to supplement their claims so that they may again attempt to amend their complaint. But, a year after this Court denied Defendants' motion for remand, Plaintiffs have not produced any specific allegations as to any event or action by any defendant that could constitute a breach of duty or have a causal relationship with the alleged damage to Plaintiffs' oyster bed. The Court thus declines to grant Plaintiffs additional time to conduct discovery and attempt to amend their complaint for a second time.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Review of the Magistrate Judge Decision, R. Doc. 122, is hereby **DENIED**. Defendants' Motions to Dismiss, R. Doc. 58, R. Doc. 100, R. Doc. 116, R. Doc. 130, R. Doc. 132, and R. Doc. 150, are hereby **GRANTED**. Finally, Defendant Phillips 66 Pipeline's Motion to Expedite decision on its motion to dismiss, R. Doc. 151, is **DENIED AS MOOT**.

New Orleans, Louisiana this 28th day of June, 2023.

_____
**THE HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**